### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| **REGINALD SMITH,** ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 12-1498 |
| ) | |
| **S.A. GODINEZ,** *et al.*, ) | |
| Defendants. ) | |

### SUMMARY JUDGMENT OPINION

Defendants Millsap and Lovrant move for summary judgment on the issue of exhaustion [d/e 14]. Plaintiff, a state prisoner, filed his lawsuit pursuant to 42 U.S.C. § 1983 on December 4, 2012 claiming that his constitutional rights were violated at Pontiac Correctional Center on November 11th and 12th, 2012. The Court conducted a merit review of the Plaintiff's Complaint and found that Plaintiff stated an excessive force claim against Defendant Lovrant, a failure to intervene claim against Defendant Milsap, and a conditions of confinement claim. Plaintiff did not file a response to Defendants' Motion for Summary Judgment though he was given the opportunity to do so. Therefore, the Court will take Defendants' Undisputed Material Facts as true.

### A. LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). The party moving for summary judgment must show the lack of a genuine issue

1

of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## B. ANALYSIS

Defendants argue that there is no record of any grievances, emergency or otherwise, that Plaintiff filed regarding the claims in his Complaint.  The Prison Litigation Reform Act (PLRA) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The Seventh Circuit has taken a strict compliance approach to exhaustion requiring a prisoner to pursue all available administrative remedies and comply with the prison's procedural rules and deadlines.  *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).  Therefore, if an inmate fails to follow the grievance procedure rules, his claims will not be considered to be exhausted, but instead forfeited, and he will be barred from filing suit in federal court even if administrative remedies are for practical purposes no longer available to him due to his procedural default.  *Pozo*, 286 F.3d at 1025.

The Illinois Department of Corrections has an established grievance process.  *See* 20 ILL. ADMIN. CODE §§ 504.800 *et seq*.  An inmate is first required to speak with a counselor about the contested issue.  20 ILL. ADMIN. CODE § 504.810(a).  If the counselor does not resolve the problem, the inmate must file a grievance form directed to the Grievance Officer within 60 days

2

of the incident. *Id*. The Grievance Officer submits his recommendation to the Chief Administrative Officer who "shall advise the offender of the final decision in writing within two months after receipt of the written grievance, where reasonably feasible." 20 ILL. ADMIN. CODE § 504.830(d). If the inmate is not satisfied with the Chief Administrative Officer's response, he or she can file an appeal with the Director through the Administrative Review Board within 30 days after the date of the Chief Administrative Officer's decision. 20 ILL. ADMIN. CODE § 504.850(a). The Director shall then review the findings and recommendations of the board and make a final determination within six months after receipt of the grievance. 20 ILL. ADMIN. CODE § 504.850(f). When an inmate has received a copy of the Director's decision, the grievance procedure is complete.

Here, Defendants attached the Affidavit of Sherry Benton, an Administrative Review Board (ARB) Chairperson with the Office of Inmate Issues for the Illinois Department of Corrections (IDOC), which provides that Benton searched Plaintiff's ARB records for grievances concerning the use of excessive force against him on November 11th and 12th, 2012. ARB records indicated that the ARB received no grievances from Plaintiff related to the use of excessive force on those dates. Because Plaintiff stated in his Complaint that he filed an Emergency Grievance to the Warden, his Grievance Counselor, and his Grievance Officer on "the same day this took," Defendants also attached the Affidavit of Sharon Simpson, the Primary Grievance Officer at Pontiac who maintains a record of Emergency Grievances filed by inmates with the Warden of Pontiac. Simpson's Affidavit provides that she looked specifically in the Emergency Grievance Log at Pontiac for a grievance in which Plaintiff grieved about the use of excessive force on the relevant dates in November 2012 and found no such grievance. She also attached the Emergency Grievance Log from Pontiac for the dates November 7, 2012 through

November 21, 2012 which also does not show that Plaintiff filed any Emergency Grievances during that time period.

Thus, Defendants say that Plaintiff failed to exhaust his administrative remedies regarding his excessive force and failure to intervene claims, so they are entitled to summary judgment.

The Court finds that Plaintiff did not properly and fully exhaust his administrative remedies as to the claims in his Complaint. The question then becomes whether administrative remedies were truly "available" to Plaintiff. 42 U.S.C. § 1997e(a). The Court finds that they were. The PLRA, does not define "availability" for purposes of the exhaustion requirement. However, the Seventh Circuit has held that the "availability of a remedy is not a matter of what appears on paper, but, rather, whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 F. App'x 10, 13 (7th Cir. 2009) (*quoting Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). Prison officials who engage in affirmative misconduct, *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006), or fail to respond to grievances, render the grievance process unavailable to an inmate. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002).

While Plaintiff stated in his Complaint that he filed an Emergency Grievance with the Warden, Counselor, and Grievance Officer "the same day this took," and while he also alleged that Pontiac played "diabolical games" with grievance forms, those statements were not sworn to and he has not provided any further evidence or arguments to refute Defendants' Motion for Summary Judgment. Even after construing the facts in the light most favorable to Plaintiff, and drawing all reasonable inferences in his favor, the Court cannot find that that there is a genuine

issue of material fact. Defendants Millsap and Lovrant are therefore entitled to summary judgment.

Defendants address the claims of excessive force and failure to intervene against them in their summary judgment Motion, but they do not address whether Plaintiff exhausted his administrative remedies as to his third claim regarding conditions of confinement. Nevertheless, summary judgment against Plaintiff is warranted on that claim as well. *See Goldstein v. Fid. and Guar. Ins. Underwriters, Inc.*, 86 F.3d 749, 750 (7th Cir. 1996) ("[A] district court may enter summary judgment in favor of a party even if no motion for relief of that sort has been filed." (*citing Hunger v. Leininger*, 15 F.3d 664 (7th Cir. 1994))).

Indeed, Plaintiff had notice in the Merit Review Order that the Court was considering whether to dismiss his case where it stated that he may not have properly and fully exhausted his administrative remedies before filing this lawsuit. *See* 4/16/2013 Merit Review Order, p. 3; *see also Goldstein, 86 F.3d at 750* ("The party against whom summary judgment is entered must have notice that the court is considering dropping the ax on him before it actually falls."); *and* Fed. R. Civ. P. 56(f)(3) ("After giving notice and a reasonable time to respond, the court may . . . consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute."). As with his excessive force and failure to intervene claims, Plaintiff's unsworn statements in his Complaint regarding exhaustion upon which he at no time has elaborated are insufficient to create a genuine question as to whether he exhausted his administrative remedies regarding his conditions of confinement claim. Notably, Simpson's Affidavit provides that Plaintiff did not file a grievance (about excessive force, failure to intervene, or otherwise) with the Warden on any dates from November 7, 2012 to November 21, 2012.

Even assuming that Plaintiff did submit an Emergency Grievance on November 11th or 12th, 2012, he filed his Complaint within 25 days of the alleged events that gave rise to his Complaint. The time frames set forth for grievance procedures provided in the Illinois Administrative Code coupled with the date on which Plaintiff allegedly filed his Emergency Grievance and filed his Complaint are highly suggestive of the fact that Plaintiff did not allow IDOC a reasonable time to respond to his Emergency Grievance. *See Mlaska v. Shah*, 428 F. App'x 642, 645 (7th Cir. 2011) (noting that prisoner had not allowed the prison a reasonable time to respond to his grievances at the time he filed suit where prisoner filed suit at most three months after his earliest grievance and within days of his last grievance); *Ford v. Johnson*, 362 F.3d 395, 400 (7th Cir. 2004) ("Illinois made a process available to [the plaintiff]; he had to stick with that process until its conclusion rather than make a beeline for court just because the administrative officials gave his appeal the time needed to resolve it.").

**IT IS THEREFORE ORDERED:**

**1) Defendants Millsap's and Lovrant's Motion for Summary Judgment is GRANTED [d/e 14]. The Clerk of the Court is directed to enter judgment in favor of Defendants and against Plaintiff. This case is terminated, with the parties to bear their own costs. All deadlines and settings on the Court's calendar are vacated.**

**2) If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4).**

**3) If Plaintiff wishes to proceed** *in forma pauperis* **on appeal, his motion for leave to appeal** *in forma pauperis* **must identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P.**

**24(a)(1)(c);** *see also Celske v. Edwards*, **164 F.3d 396, 398 (7th Cir. 1999) (an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith.");** *Walker v. O'Brien*, **216 F.3d 626, 632 (7th Cir. 2000) (providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.**

ENTERED this 5th day of February, 2014.

                                     s/ Joe B. McDade
                           _____
                                 JOE BILLY McDADE
                         UNITED STATES DISTRICT JUDGE